# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR205 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| NEFTALI SANCHEZ-SERRANO, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

On September 19, 2005, defendant Neftali Sanchez-Serrano (Sanchez-Serrano), together with his counsel, Assistant Federal Public Defender Jessica L. Milburn , appeared before the undersigned magistrate judge and was advised of the charges, the penalties and the right to appear before a United States District Judge.  After orally consenting to proceed before a magistrate judge, Sanchez-Serrano entered a plea of guilty to Count I of the Indictment.

After being sworn, Sanchez-Serrano was orally examined by the undersigned magistrate judge in open court as required by Federal Rule of Criminal Procedure 11. Sanchez-Serrano also was given the advice required by that Rule. Finally, Sanchez-Serrano was given a full opportunity to address the court and ask questions.  Sanchez-Serrano affirmed his prior petition to enter a guilty plea and reiterated his wish to plead guilty to Count I of the Indictment even though he was previously misinformed of the maximum sentence which could be imposed upon conviction.

Counsel for the government and counsel for Sanchez-Serrano were given the opportunity to suggest additional questions by the court.  Moreover, both counsel orally certified that they were of the opinion that the plea was knowing, intelligent and voluntary, and that there was a factual basis for Sanchez-Serrano's plea of guilty to Count I of the Indictment.

Therefore, I find and conclude that: (1) the plea is knowing, intelligent, and voluntary; (2) there is a factual basis for the plea; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a revised

petition to enter a plea of guilty, on a form approved by the court, was completed by Sanchez-Serrano, Sanchez-Serrano's counsel and counsel for the government, and such petition was placed in the court file; (5) the revised plea agreement is in writing and is filed in the court file; (6) there were no other agreements or stipulations other than as contained in the written plea agreement except the government agreed to be bound by the plea agreement even though the $100 Special Assessment had not been paid at the time of the entry of the plea.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

1.      She accept the guilty plea and find the defendant, Neftali Sanchez-Serrano, guilty of the crime set forth in Count I of the Indictment to which Sanchez-Serrano tendered a guilty plea;

2.      She accept the written plea agreement with the understanding that the court is not bound by the parties' stipulations, but may with the aid of the presentence report, determine the facts relevant to sentencing.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 19th day of September, 2005.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

2